| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| GARRY ROBERT ELLIOT and SAMANTHA ELLIOT, Individually and as Next Friend to C.E., | § § § § | |
| Plaintiffs, | § § | |
| versus | § § | CIVIL ACTION NO. 1:11-CV-697 |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendants Beaumont Independent School District ("BISD"), Holley Hancock ("Hancock"), Gwen Johnston ("Johnston"), and Marida Chaisson's ("Chaisson") (collectively, "Defendants") Motion to Dismiss for Failure to State a Claim Pursuant to FED. R. CIV. P. 12(b)(6) (#13). Defendants seek the dismissal of Plaintiffs Garry Robert Elliot and Samantha Elliot's (collectively, "Plaintiffs"), individually and as Next Friend of C.E., claims brought pursuant to 42 U.S.C. § 1983. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that the motion should be granted.

I.   Background

On or about September 28, 2011, C.E., Plaintiffs' four-year-old son, accidentally soiled his underwear during nap time at Amelia Elementary School in Beaumont, Texas, where he attended Pre-Kindergarten. C.E. alerted his teacher, Chaisson, who sent him to the office of Johnston, the school nurse. Johnston called C.E.'s mother, Plaintiff Samantha Elliot ("Mrs.

Elliot"), to request that she come to the school to change C.E.'s clothes. Mrs. Elliot reportedly advised Johnston that she did not have transportation and, therefore, was unable to assist her son. Mrs. Elliot claims that, as a result, she asked Johnston to change C.E. into clean clothes available at the school. Johnston, however, allegedly refused C.E. access to clean clothes and the restroom and instead cut two holes in the bottom of a plastic trash bag, which was placed over C.E.'s pants. According to Plaintiffs, C.E. was then sent back to Chaisson's classroom, where he remained for more than four hours in the presence of his teacher and classmates.[1]

At the end of the school day, when C.E. attempted to board the bus to return home, he was denied access by the bus driver, Beverly West ("West"), who instead escorted C.E. to Principal Hancock's office so she could complete her route. At some point after West left Amelia Elementary, C.E. was changed into clean clothes that were located elsewhere at the school. Thereafter, West returned for C.E. and drove him home, where she informed Mrs. Elliot of the situation.

Plaintiffs filed their Original Complaint asserting claims under 42 U.S.C. § 1983 against BISD, Hancock, Johnston, and Chaisson on December 6, 2011.[2] On January 30, 2012, Plaintiffs filed an Amended Complaint, wherein they claim that C.E.'s Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated when Defendants refused C.E access to a bathroom, placed a trash bag around his clothing, and allowed him to remain in his soiled garments for four

---

[1] Plaintiffs' Amended Complaint alternatively asserts that Chaisson placed the trash bag on C.E. before sending him to Johnston's office.

[2] Plaintiffs initially filed various state law tort claims against Hancock, Johnston, and Chaisson; however, these causes of action were voluntarily dismissed on April 16, 2012.

hours.[3] Plaintiffs seek to recover against BISD on the grounds that it maintained a custom or policy of forcing children to remain in soiled clothes following an accident, despite the availability of clean clothes, and it failed to train and supervise its employees adequately regarding how to handle the accidents of young children.[4]

On February 7, 2012, Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants contend that Plaintiffs' claims are legally infirm because the facts alleged do not rise to the level of a constitutional violation. In their response, Plaintiffs argue that Defendants maliciously violated C.E.'s constitutional right to bodily integrity.

II.   Analysis

    A.   Dismissal for Failure to State a Claim under Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). It is not a procedure for resolving contests about the facts or

---

[3] Although mindful of its obligation to accept Plaintiffs' allegations as true when ruling on a motion to dismiss, the court notes that the facts of this case are hotly contested. At a status conference held on April 5, 2012, and in an email chain attached to Plaintiffs' response, counsel for Defendants stated that, despite Plaintiffs' averment to the contrary, no clean pants provided by Mrs. Elliot were available for her son at the school. Further, they contend that Plaintiffs' allegations regarding the denial of access to clean clothes and to a restroom are completely untrue and maintain that the amount of time C.E. remained in his soiled pants was significantly less than four hours.

[4] Plaintiffs also allege that unidentified employees of the Busing Authority "have stated that [BISD] officials routinely force children to travel home in soiled clothes rather than allowing them to change into clean ones."

the merits of a case. *See* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356, at 294 (1990). In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1669 (2009); *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004); *Ramming*, 281 F.3d at 161. Nevertheless, "the plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming*, 281 F.3d at 161 (citing *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 552 U.S. 1182 (2008).

Generally, the court may not look beyond the four corners of the plaintiff's pleadings. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). Nevertheless, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated on other grounds by Twombly*, 550 U.S. at 563).

"'The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, *supra*, § 1357, at 332-36); *accord Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "In other words, a motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.'" *Ramming*, 281 F.3d at 161-62 (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)).

A Rule 12(b)(6) motion to dismiss must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555. Accordingly, a district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In other words, to state a cognizable cause of action, the

5

complaint must allege sufficient facts to "nudge" the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

  B. <u>Section 1983 Generally</u>

The Civil Rights Act of 1871, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law. *See Inyo Cnty. v. Paiute-Shoshone Indians of the Bishop Cmty.*, 538 U.S. 701, 708 (2003); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994); *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1146 (2010); *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007); *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983; *accord Connick v. Thompson*, ___ U.S. ___, ___ , 131 S. Ct. 1350, 1359 (2011). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *accord Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985); *Sw. Bell Tel., LP v. City of Houston,* 529 F.3d 257, 260 (5th Cir. 2008); *Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879-80 (5th Cir. 2004).

"To state a claim under 42 U.S.C. § 1983, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged

deprivation was committed by a person acting under color of state law.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854-55 (5th Cir. 2012) (en banc) (citing *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)).  "[T]he first step in a § 1983 analysis is to identify the specific constitutional [or federal] right involved." *Oliver v. Scott*, 276 F.3d 736, 744 n.10 (5th Cir. 2002) (citing *Baker*, 443 U.S. at 140).  "'Section 1983 imposes liability for violations of rights protected by the Constitution [or federal statutory law], not for violations of duties of care arising out of tort law.'" *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (quoting *Baker*, 443 U.S. at 146); *accord Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 n.15 (2005); *see also Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir.), *cert. denied*, 513 U.S. 815 (1994).  Plaintiffs must also allege that the constitutional or statutory deprivation was intentional or due to deliberate indifference—not the result of mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Hernandez*, 380 F.3d at 882.  The negligent deprivation of life, liberty, or property is not a constitutional violation.  *See McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002), *cert. denied*, 537 U.S. 1232 (2003); *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir.), *cert. denied*, 506 U.S. 973 (1992).

In this instance, Plaintiffs complain that C.E.'s right to bodily integrity was violated, referencing the Fourth, Fifth, Eighth, and Fourteenth Amendments.  Because no other federal laws are implicated, Plaintiffs' § 1983 claims against Defendants can survive only if their underlying

constitutional rights were abridged.[5] *See Wood v. Strickland*, 420 U.S. 308, 326 (1975); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Blessing v. Freestone*, 520 U.S. 329, 340 (1997); *Daniels*, 474 U.S. at 330; *Victoria W.*, 369 F.3d at 482 (citing *Bush v. Viterna*,

---

[5] Without regard to the existence of an underlying constitutional violation, Plaintiffs have failed to plead a cognizable claim against BISD, as they do not allege that a final policy maker of the district implemented or ratified an unlawful policy or practice. For § 1983 liability to attach, a plaintiff must demonstrate three elements: "'a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.'" *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005), *cert. denied*, 547 U.S. 1130 (2006) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *cert. denied*, 524 U.S. 820 (2001); *accord Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 3059 (2011); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). Therefore, to sustain liability under § 1983, Plaintiffs must point to more than the actions of a BISD employee; instead, they "must identify a policymaker with final policymaking authority and a policy that is the 'moving force' behind the alleged constitutional violation." *Rivera*, 349 F.3d at 247 (quoting *Piotrowski*, 237 F.3d at 578); *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986); *see also Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). State law determines whether a particular individual is a final policymaker of a governmental entity with respect to a certain sphere of activity. *See Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir.), *cert. denied*, 519 U.S. 817 (1996) (citing *Jett*, 491 U.S. at 737; *Praprotnik*, 485 U.S. at 124; *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1407 (5th Cir. 1995)).

Texas law places final policymaking authority for an independent school district in its board of trustees alone, and, thus, it cannot be found liable for an action of a nonpolicymaking employee, such as the principal. *See Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 216 (5th Cir. 1998); *Meadowbriar Home for Children, Inc.*, 81 F.3d at 532-33; *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993); *see also Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 604 (5th Cir. 2001) (school district not liable when school board, without knowledge of alleged retaliatory motive, acted on recommendation of superintendent and principal to terminate employee); *Foster v. McLeod Indep. Sch. Dist.*, No. 5:08-CV-71, 2009 WL 175154, at *2 (E.D. Tex. Jan. 23, 2009) ("Although principals and superintendents might have 'decision-making authority' under the Texas Education Code, they do not have 'the policymaking authority required to sustain liability under § 1983.'") (citing *Rivera*, 349 F.3d at 247-48). "Texas law is clear that final policymaking authority in an independent school district, such as BISD, rests with the district's board of trustees." *Jett*, 7 F.3d at 1245; *see Rivera*, 349 F.3d at 247; *see also* TEX. EDUC. CODE ANN. §§ 11.051(a), 11.151(b). Here, because there are no allegations that the school board made a policy or implemented a practice of keeping children in soiled clothes, Plaintiffs' § 1983 claims against BISD must be dismissed. *See Piotrowski*, 237 F.3d at 578-79; *Pembaur*, 475 U.S. at 482-83; *Jett*, 7 F.3d at 1245.

795 F.2d 1203, 1209 (5th Cir. 1986)); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir.), *cert. denied*, 543 U.S. 829 (2004).

### 1. Fifth Amendment

As a threshold matter, it is clear that Plaintiffs' Fifth Amendment claims are deficient. "The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *Wakat v. Montgomery Cnty.*, 471 F. Supp. 2d 759, 766 (S.D. Tex.), *aff'd*, 246 F. App'x 265 (5th Cir. 2007). Plaintiffs make no argument that Defendants were acting under the authority of the federal government, and the Amended Complaint contains no allegation of federal involvement. Accordingly, Plaintiffs may not recover, as a matter of law, under the Fifth Amendment.

### 2. Eighth Amendment

Plaintiffs' reliance on the Eighth Amendment is similarly misplaced, as its protection against cruel and unusual punishment does not apply in a non-custodial school setting and, in any event, this case does not involve "punishment." *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (holding the Eighth Amendment inapplicable to corporal punishment in schools); *Austin v. Johnson*, 328 F.3d 204, 208-09 (5th Cir. 2003); *Causby v. Groveton Indep. Sch. Dist.*, No. 9:05-CV-172, 2005 WL 3359885, at *2 (E.D. Tex. Dec. 8, 2005); *accord Mahone v. Ben Hill Cnty. Sch. Syst.*, 377 F. App'x 913, 916-17 (11th Cir. 2010). As a consequence, Plaintiffs' Eighth Amendment claims are without basis.

### 3. Fourth Amendment

Next, Plaintiffs assert that C.E.'s Fourth Amendment rights were violated. They do not, however, explain how the Fourth Amendment—which applies to unreasonable searches and

seizures—is applicable here.  *See* U.S. CONST. amend. IV (providing for "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures").  While the Fourth Amendment undoubtedly applies in the school context,[6] the instant case does not involve a "search" or a "seizure," and neither the parties nor the court has identified a case in which the Fourth Amendment was found to apply under facts similar to those presented here.  Rather, courts routinely favor application of the Fourteenth Amendment in analogous factual scenarios.  *See Doe v. S&S Consol. Indep. Sch. Dist.*, 149 F. Supp. 2d 274, 287 (E.D. Tex. 2001) (rejecting application of the Fourth Amendment in favor of the Fourteenth where a "raging" child was wrapped in a blanket and duct-taped to a cot); *see also H.H. ex rel. H.F. v. Moffett*, 335 F. App'x 306, 314-15 (4th Cir. 2009) (affirming district court's determination that school officials were not entitled to qualified immunity where defendants violated the Fourteenth Amendment when they restrained student in her wheelchair for extended periods of time); *Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303, 305 (5th Cir. 1987) (stating that a second grader's substantive due process rights were implicated where she was tied to a chair with a jump rope for the better part of two school days); *D.D. ex rel. Davis v. Chilton Cnty. Bd. of Educ.*, 701 F. Supp. 2d 1236, 1242 (M.D. Ala. 2010) (concluding that teacher's restraining of a four-year-old in a toddler chair without shoes did not violate the student's Fourteenth Amendment due process rights); *Foster v. McLeod Indep. Sch. Dist.*, No. 5:08-CV-71, 2009 WL 175154, at *15 n.3 (E.D. Tex. Jan. 23, 2009) (finding the Fourteenth rather than Fourth Amendment applicable to sexual abuse of a

---

[6] *See New Jersey v. T.L.O.*, 469 U.S. 325, 336-37 (1985); *see, e.g.*, *Couture v. Bd. of Educ. of Albuquerque Pub. Schs.*, 535 F.3d 1243, 1250-53 (10th Cir. 2008) (analyzing repeated use of a "time-out" room as a seizure under the Fourth Amendment, but finding no constitutional violation); *A.D. ex rel. B.S. v. Adams-Arapahoe 28J Sch. Dist.*, 831 F. Supp. 2d 1226, 1242 (D. Colo. 2011) (applying the Fourth Amendment to case involving the use of a restraint chair).

student by a teacher). Consistent with these authorities, the court finds the Fourth Amendment inapplicable in this situation. *Cf. Roe v. Tex. Dep't of Protective & Regulatory Servs.*, 299 F.3d 395, 412 (5th Cir. 2002) ("In the bodily integrity cases, we often have considered criminal assaults committed by teachers and other persons to whom the Fourth Amendment does not readily or easily apply.").

Even were the court to examine this case under the Fourth Amendment, Plaintiffs' claims would nonetheless fail. "A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or a sufficient show of authority, restrained an individual's liberty." *Foster*, 2009 WL 175154, at *15 n.3 (citing *Campbell v. McAlister*, 162 F.3d 94, *3 (5th Cir. 1998) (unreported) (citing *California v. Hodari D.*, 499 U.S. 621, 626 (1991))); *accord United States v. Mask*, 330 F.3d 330, 336 (5th Cir. 2003). The "ultimate measure" of the constitutionality of a governmental search or seizure is "reasonableness." *Veronia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 652 (1995); *Freeman v. City of Dallas*, 242 F.3d 642, 649 (5th Cir. 2001). "Whether a given seizure meets the reasonableness standard 'is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests.'" *Campbell*, 162 F.3d 94, at *3 (quoting *Veronia*, 515 U.S. at 652-53). Furthermore, "[t]o qualify as a seizure in the school context, the limitation on the student's freedom of movement must significantly exceed that inherent in every-day, compulsory attendance." *Couture*, 535 F.3d at 1251; *accord Doran v. Contoocook Valley Sch. Dist.*, 616 F. Supp. 2d 184, 193 (D.N.H. 2009). In this instance, rather than significantly limiting C.E.'s freedom of movement, Plaintiffs' claims, at most, implicate a reduction in his ease or speed of mobility occasioned by the presence of the bag over his pants; they do not, however, rise to the level of a constitutionally protected restraint on C.E.'s liberty.

In addition, Plaintiffs' single, conclusory assertion that Defendants denied C.E. access to a restroom is insufficient to state a claim under the Fourth Amendment. Indeed, Plaintiffs do not allege how Defendants purportedly denied C.E. such access and whether C.E. even requested or attempted to go to the bathroom. Absent factual averments "nudging" the claims "across the line from conceivable to plausible," Plaintiffs fail to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 570.

    4.    Fourteenth Amendment

Lastly, Plaintiffs invoke the Fourteenth Amendment's Substantive Due Process Clause. The Due Process Clause of the Fourteenth Amendment provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The United States Supreme Court has explained that "'[t]o determine whether due process requirements apply in the first place, [the court] must look not to the "weight" but to the *nature* of the interest at stake.'" *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 570-71 (1972)). To possess a protected right, "'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Id.* (quoting *Roth*, 408 U.S. at 577).

Substantive due process is the concept that there are certain rights so fundamental to our traditions of justice that, no matter what procedural guarantees the government affords, the government cannot abridge those rights. *See Simi Invest. Co. v. Harris Cnty.*, 236 F.3d 240, 249 (5th Cir. 2000), *cert. denied*, 534 U.S. 1022 (2001). Indeed, "[s]ubstantive due process 'bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used

to implement them.""" *Marco Outdoor Advertising, Inc. v. Regional Transit Auth.*, 489 F.3d 669, 673 n.3 (5th Cir. 2007) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels*, 474 U.S. at 331)).

Where a governmental action limits a fundamental right, strict scrutiny is applied, and the governmental action will be upheld only if it is necessary to promote a compelling or overriding governmental interest. *See Reno v. Flores*, 507 U.S. 292, 302 (1993); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 288 (5th Cir. 2001); *see also Lozana-Castaneda v. Garcia*, 238 F. Supp. 2d 853, 858-59 (W.D. Tex. 2002) (citing *Washington v. Glucksberg*, 521 U.S. 702, 762 (1997)). In all other cases, the rational basis test applies, and the governmental action will be upheld if it is rationally related to any conceivable legitimate end of government. *See Glucksberg*, 521 U.S. at 721 (holding that only fundamental rights which are "deeply rooted in this Nation's history and tradition" qualify for anything other than rational basis scrutiny).

"To state a viable substantive due process claim, 'the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence.'" *McClendon*, 305 F.3d at 325. As the Fifth Circuit observed in *McClendon*, "[t]he Supreme Court's discussions of abusive executive action have repeatedly emphasized that 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" *Id.* at 325-26 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992))). Plaintiffs, therefore, must demonstrate that the abuse of power by the state official "shocks the conscience." *McClendon*, 305 F.3d at 326 (quoting *Cnty. of Sacramento*, 523 U.S. at 846); *accord United States v. Guidry*, 456 F.3d 493, 506-07 (5th Cir. 2006), *cert. denied*, 549 U.S. 1139 (2007). "In elaborating on 'the constitutional concept of conscience shocking,' the Court has 'made it clear that the due process guarantee does not entail a body of constitutional law

imposing liability whenever someone cloaked with state authority causes harm.'" *McClendon*, 305 F.3d at 326 (quoting *Collins*, 503 U.S. at 848).  Rather, "[l]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *McClendon*, 305 F.3d at 326.

In this instance, Plaintiffs cite *Taylor* and *S&S Consol. Indep. Sch. Dist.* to support their assertion that C.E.'s Fourteenth Amendment right to bodily integrity was abridged when Defendants allegedly placed a trash bag around his soiled clothing, allowed him to remain in that clothing for several hours, and denied him access to a restroom.  *See Taylor*, 15 F.3d at 450-51; *S&S Consol. Indep. Sch. Dist.*, 149 F. Supp. 2d at 295.  Although conceding that the Fifth Circuit has recognized a substantive due process right to be free from state-occasioned damage to a person's bodily integrity in certain circumstances, Defendants argue that, even accepting Plaintiffs' allegations as true, they simply do not reflect violations of a constitutional magnitude.  The court agrees.

In *Taylor*, the Fifth Circuit held that the sexual molestation, including statutory rape, of a fifteen-year-old student was sufficient to violate the girl's bodily integrity under the Substantive Due Process Clause.  *Taylor*, 15 F.3d at 451.  Contrary to Plaintiffs' assertions, however, *Taylor* is distinguishable from the case at bar.  First, the conduct of which Plaintiffs complain does not remotely approach the egregiousness of the sexual abuse at issue in *Taylor*.  Second, the sexual molestation of a student by a teacher is unrelated to any legitimate state goal under any circumstances.  *Taylor*, 15 F.3d at 452.  Unlike *Taylor*, the factual averments in this case suggest that Defendants did not act arbitrarily; instead, they presumably placed a plastic bag over the pants of C.E., a four-year-old pre-kindergarten student, to cover his soiled clothing and minimize any unpleasant odor or leakage.

Plaintiffs' reliance on *S&S Consol. Indep. Sch. Dist.*, is also unhelpful to their cause. 149 F. Supp. 2d at 295. In *S&S Consol. Indep. Sch. Dist.*, the district court granted summary judgment on the basis of qualified immunity to school officials who wrapped a mentally-ill student in a blanket secured with safety-pins and/or duct-tape multiple times. *Id.* at 278-83, 295, 304. On one occasion, the plaintiff was wrapped in a blanket and duct-taped to a cot. *Id.* at 280-81. After a lengthy analysis, and for numerous reasons, including the fact that school officials restrained the plaintiff to prevent her from harming herself or others during behavioral disturbances rather than out of an intent to cause injury, the court found the defendants' actions did not "shock the conscience" and, therefore, did not violate the child's right to bodily integrity. *Id.* at 295.

A similar result obtains here. The facts, as alleged, simply do not "shock the conscience." There are no assertions that C.E. was restrained to the point of immobilization. Indeed, according to Plaintiffs, holes were cut in the bottom of the bag for C.E.'s legs, presumably to allow for continued mobility. Moreover, as previously noted, Plaintiffs do not allege that Defendants acted out of malice or for any inappropriate motive; nor was the act of placing the bag on C.E. grossly disproportionate to the exigencies of the situation. Indeed, a review of case law in and outside of the Fifth Circuit suggests that the level of egregiousness must be truly extraordinary to qualify as "conscience-shocking." *See, e.g.*, *Guidry*, 456 F.3d at 506-07 (police officer's sexual assault of female arrestees found to be a cognizable Fourteenth Amendment claim); *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246 (2d Cir. 2001) (teacher's conduct in lifting a student off the ground by the neck, choking, and dragging him across the floor, punching his face, and slamming his head into bleachers and a metal fuse box shocked the conscience); *Neal v. Fulton Cnty. Bd. of Educ.*, 229 F.3d 1069, 1076 (11th Cir. 2000) (fourteen-year-old student alleged viable due

process claim for excessive corporal punishment where high school coach struck him with a weight lock, knocking his left eye "completely out of its socket . . . [and] hanging out of his head," leaving him permanently blind in that eye); *Metzger v. Osbeck*, 841 F.2d 518, 519-20 (3d Cir. 1988) (evidence that teacher punished student by placing him in a choke-hold, applying enough pressure that the student lost consciousness, fell to the floor, lacerated his lower lip, and fractured his teeth and nose was sufficient to withstand summary judgment); *Jefferson*, 817 F.2d at 305 (teacher's lashing of a second-grade student to a chair for nearly two days was actionable under the Fourteenth Amendment); *Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988) (summary judgment was improper where teacher administered two beatings to a nine-year-old girl, one in which she was held up by her ankles and hit with a split board on the front of her legs until they bled and another in which she was administered a spanking that caused severe bruises and pain for several weeks); *Hall v. Tawney*, 621 F.2d 607, 614-15 (4th Cir. 1980) (summary judgment was unwarranted for excessive corporal punishment where a teacher paddled, shoved, and violently struggled with a grade school student who required ten days' hospitalization for extensive soft tissue injuries and possible spinal injuries).

Also illuminating are cases in which courts rejected constitutional claims under circumstances arguably more reprehensible than those alleged here. For example, the following situations did not support a viable substantive due process claim: a teacher's forcefully slapping a student's face, causing severe physical pain and emotional trauma (*Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 173 (2d Cir. 2002)); a principal's pushing a disruptive high-school student's shoulder with his hand, propelling her backwards into a door jamb, causing her chronic back pain (*Gottlieb v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 174-75 (3d Cir. 2001)); a teacher's repeatedly calling a twelve-year-old girl a prostitute in front of the class over the course

of several weeks and allowing other students to do the same (*Abeyta v. Chama Valley Indep. Sch. Dist.*, 77 F.3d 1253, 1255-56 (10th Cir. 1996)); school officials' inflicting bruises on an emotionally disturbed child, denying her bathroom privileges on multiple occasions, and failing to provide her a "mushing box" (*Edwards v. Cnty. Bd. of Educ. of Richmond Cnty.*, No. CV-1:04-168, 2007 WL 2345239, at *15-17 (S.D. Ga. Aug. 15, 2007)); and a teacher's disciplining a student by piercing her arm with a straight pin (*Brooks v. Sch. Bd. of City of Richmond*, 569 F. Supp. 1534, 1537-39 (E.D. Va. 1983)).

In sum, the conduct alleged in this case falls far short of a constitutional violation. While C.E. may have been upset and embarrassed, he was not physically injured, restrained, immobilized, or abused. *See Doe v. Silsbee Indep. Sch. Dist.*, 402 F. App'x 852, 854 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2875 (2011) ("[P]sychological injury *alone* does not constitute a violation of bodily integrity as contemplated under the Fourteenth Amendment.") (emphasis in original); *see also Ross v. Texas*, No. H-10-2008, 2011 WL 5978029, at *9 (S.D. Tex. Nov. 9, 2011) ("While the right to be free of state-caused damage to a person's bodily integrity is a recognized liberty interest, the Constitution does not protect against imposition of psychological injury without concomitant physical injury."). In addition, there is no allegation that Defendants acted with the deliberate intent to harm C.E. or with deliberate indifference to any serious risk of harm. *See Kinzie v. Dallas Cnty. Hosp. Dist.*, 239 F. Supp. 2d 618, 630-31 (N.D. Tex.), *aff'd*, 106 F. App'x 192 (5th Cir. 2003) (finding no cognizable substantive due process claim where the defendants' actions were merely negligent). In the court's view, Plaintiffs' allegations, taken as true, suggest nothing more than negligence on the part of Defendants. *McClendon*, 305 F.3d at 325 (requiring more than mere negligence to state a viable substantive due process claim). Clearly, Defendants could have handled the situation with more sensitivity. Indeed, school

officials could have secured a change of clothing for C.E. more quickly rather than placing a trash bag over his soiled clothing.  Nevertheless, Defendants' conduct was not "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Parate v. Isibor*, 868 F.2d 821, 833 (6th Cir. 1989).

III.   Conclusion

For the reasons set forth above, Plaintiffs have failed to state a cognizable Fourth, Fifth, Eighth, or Fourteenth Amendment claim.  Consequently, their § 1983 claims fail as a matter of law.  *See Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir. 1988) ("It is axiomatic that a plaintiff who files suit under 42 U.S.C. § 1983 may recover only if he [alleges] a constitutional violation").  Accordingly, Defendants' motion to dismiss is GRANTED.

SIGNED at Beaumont, Texas, this 31st day of July, 2012.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE